**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  EDCV 13-00305-JST (OPx) | Date:  February 21, 2013 |
| Title:  Federal National Mortgage Ass'n v. Maria Esther Soria, et al. | |

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

       Not present                           Not present

**PROCEEDINGS:**  (IN CHAMBERS)  ORDER REMANDING CASE TO SAN BERNARDINO SUPERIOR COURT, CASE NO. UDVS1203601

     Plaintiff Federal National Mortgage Association filed this unlawful detainer action against Defendants Maria Esther Soria and Does 1 to 10 in San Bernardino Superior Court on December 17, 2012, case number UDVS1203601.  (Notice of Removal Ex. 1 ("Complaint"), Doc. 1.)  On February 19, 2013, Defendant Soria removed this action on the basis of federal question jurisdiction under 28 U.S.C. § 1331, supplemental jurisdiction under Section 1367(a), and 28 U.S.C. Section 1334.  (Notice of Removal ("Notice") at 2.)  Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to the San Bernardino Superior Court.

     When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 13-00305-JST (OPx)  Date: February 21, 2013
Title: Federal National Mortgage Ass'n v. Maria Esther Soria, et al.

have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant argues that Plaintiff's unlawful detainer action presents a federal question, presumably because she alleges a violation of 11 U.S.C. Section 362, the automatic bankruptcy stay. (Notice at 2.) However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the *face of the plaintiff's properly pleaded complaint*." *Caterpillar*, 482 U.S. at 392 (emphasis added). There is no federal question apparent on the face of Plaintiff's Complaint, which alleges only a state law unlawful detainer claim. *See IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Defendant also cites to 28 U.S.C. Section 1334 to support removal. (Notice at 2.) Section 1334 governs jurisdiction over cases under title 11 of the bankruptcy code. *See Norcal Homes Inv. Grp., LLC v. Tamayo*, No. 12-CV-04938 NC, 2012 WL 5520479 at *2 (N.D. Cal. Oct. 10, 2012). But this unlawful detainer action arises under state law and not under the bankruptcy code. *See id*; *see also Fed. Nat'l Mortg. Ass'n v. Tinoco*, No. CV 12-5919 GAF(SHx), 2012 WL 3279288 at *3 (C.D. Cal. Aug. 9, 2012).

Finally, Defendant argues the Court has supplemental jurisdiction under 28 U.S.C. Section 1367(a). "The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental jurisdiction statute." *Pac. Bell v. Covad Commc'ns Co.*, No. C 99–1491 SI, 1999 WL 390840 at *3 (N.D.Cal. June 8, 1999) (quoting

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. EDCV 13-00305-JST (OPx) | Date: February 21, 2013 |
| Title: Federal National Mortgage Ass'n v. Maria Esther Soria, et al. | |

*Charter Twp. Of Bloomfield,* 100 F.3d 451, 456 (6th Cir.1996)); *see also Wells Fargo Bank, N.A. v. Roy*, No. 5:11-cv-06154 EJD, 2012 WL 195513 *2 (N.D. Cal. Jan. 23, 2012). Thus, Defendant is not entitled to removal under Section 1367.

     For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to San Bernardino Superior Court, Case No. UDVS1203601.

Initials of Preparer: `enm`